The **PITTSTON COMPANY** d/b/a Clinch-field Coal Company, Petitioner,

v.

**BOARD OF MINE OPERATIONS APPEALS, Department of the Interior, and Rogers C. B. Morton, Secretary of the Interior, Respondents.**

No. 71–2111.

United States Court of Appeals, Fourth Circuit.

Argued April 12, 1972.

Decided May 17, 1972.

**1190**

Wesley C. Marsh (Robert P. Reineke, Dante, Va., on brief), for petitioner.

Michael Kimmel, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, and J. Philip Smith, Asst. Sol., Dept. of the Interior, on brief), for respondents.

Before BOREMAN, Senior Circuit Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

Petitioner, The Pittston Company, seeks review of a decision of the Board of Mine Operations Appeals which affirmed the decision of a Hearing Examiner denying petitioner's motion for the suppression of evidence. Jurisdiction for this review is based upon Section 106 of the Federal Coal Mine Health and Safety Act of 1969, 30 U. S.C. § 816.

On June 16, 1971, Pittston filed an application pursuant to Section 105(a) of the Act, 30 U.S.C. § 815(a), for review of a withdrawal order issued by an authorized mine inspector on June 4, 1971, pursuant to Section 104(c) (2) of the Act, 30 U.S.C. § 814(c) (2). The withdrawal order was directed to the Hurricane Creek Mine in Russell County, Virginia, which is operated by Pittston's subsidiary, Clinchfield Coal Company, and was based upon violations of the Act which were discovered in the course of two inspections conducted on March 3 and June 4, 1971, respectively.

In its application for review of the withdrawal order, in addition to other defenses, Pittston filed a motion before the Hearing Examiner seeking the suppression of the evidence obtained as the result of the two inspections upon the ground that such evidence was the product of an unreasonable search in violation of the Fourth Amendment of the Federal Constitution. Pittston conceded that the inspections were authorized under Section 103 of the Act, 30 U.S.C. § 813, but suggested in its motion that such an inspection could be made only pursuant to a valid search warrant. The Hearing Examiner denied the motion for suppression, but determined that his ruling involved a controlling question of law and certified this interlocutory ruling to the Board of Mine Operations Appeals pursuant to 43 C.F.R. 4.591. Thereafter, the Board filed a memorandum opinion and order affirming the ruling of the Hearing Examiner, and it is from this order that Pittston seeks review.

We do not reach the constitutional question urged by the petitioner since we conclude that we have no jurisdiction to entertain this review. Section 106(a) of the Act, 30 U.S.C. § 816 (a), confers jurisdiction upon the courts of appeals to review orders or decisions issued by the Secretary, but the review statute specifically provides that the court shall not consider a petition unless the party seeking review "has ex-

hausted the administrative remedies available under this chapter." This language is jurisdictional in nature and clearly precludes this Court from entertaining a review of an interlocutory ruling of the Secretary or his representative. As stated in the legislative history of Section 106, "[t]he conference substitute * * * makes it clear that the court cannot entertain an appeal until the person seeking review has exhausted his administrative remedies." 1969 U. S.Code, Cong. & Admin.News, pp. 2578, 2585.

The absence of jurisdiction requires that the petition for review be dismissed.

Dismissed.